**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4320**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD TIMMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00428-FL-1)

Submitted: January 21, 2021                                          Decided:  March 3, 2021

Before NIEMEYER and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Timms appeals from his conviction after a jury trial of two counts of possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2). On appeal, Timms challenges the quashing of his subpoena and avers that the district court's jury instructions improperly amended the indictment. We affirm.

Timms first asserts that the district court erred under Fed. R. Crim. P. 17(c) by denying Timms the opportunity to subpoena vehicle models that he had built. Timms' defense theory was that he possessed the contraband at issue (sharpened objects) in order to build the vehicle replicas. While Timms notes that the Government relied upon his failure to obtain approval under the appropriate Department of Justice regulations, he contends that the Government is elevating form over substance.

The Supreme Court has ruled that the Attorney General may lawfully make regulations instructing employees with regard to production of evidence in litigation. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 470 (1951); *see also* 5 U.S.C. § 301. The Attorney General has established such regulations, which are found at 28 C.F.R. §§ 16.21 through 16.29 and are known as the *Touhy* regulations. The regulations set up a procedure by which Department of Justice officials make decisions about whether an employee called upon to testify or to produce evidence in litigation is permitted to disclose the requested information. *See* 28 C.F.R. § 16.21.

After submission of a request, the Department of Justice makes a decision about whether the testimony will be disclosed. *See* 28 C.F.R. § 16.22 and 16.24. When an agency has enacted *Touhy* regulations, a litigant must proceed to seek permission from the agency,

and the court will then review any unfavorable agency decision under an arbitrary and capricious standard. *See Hous. Bus. J. v. Off. of the Comptroller*, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996).

Timms questions the importance of *Touhy* protections in this case, arguing that the policies supporting *Touhy* are inapplicable in this instance. However, given that Timms "made no attempt whatsoever to comply with the . . . regulations . . . he can hardly be heard to complain that the regulations cause him injury." *See United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (noting that *Touhy* regulations apply to testimony of agency employees in federal criminal prosecutions). Timms was warned that he needed to comply with *Touhy* and, does not dispute that he failed to do so. Further, Timms does not offer any justification for his non-compliance with *Touhy*. As such, the district court did not abuse its discretion in quashing the subpoena.

Next, Timms contends that the district court constructively amended the indictment by adding that the jury could find him guilty if he possessed "a weapon or an object that is designed or intended to be used . . . to facilitate escape from prison." (J.A. 273). This portion of the definition of a prohibited object was not included in the indictment which charged only that the objects were "a weapon and or an object that is designed and or intended to be used as a weapon." (J.A. 14-15).

"[I]t is the exclusive province of the grand jury to alter or broaden the charges set out in an indictment." *United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016) (internal quotation marks omitted). "Accordingly, it is well established that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id.*

3

(internal quotation marks omitted). "An impermissible constructive amendment — also referred to as a fatal variance — occurs when the government, usually through its presentation of evidence or argument, or the district court, usually through its jury instructions, broadens the possible bases for conviction beyond those presented by the grand jury." *Id.* (internal quotation marks omitted). When a constructive amendment claim rests on allegedly erroneous jury instructions, a reviewing court must consider "the totality of the circumstances—including not only the instructions and the indictment but also the arguments of the parties and the evidence presented at trial—to determine whether a jury could have reasonably interpreted the challenged instructions as license to convict on an unindicted charge." *Id.* (internal quotation marks omitted); *see also United States v. Kuehne*, 547 F.3d 667, 685 (6th Cir. 2008) ("[W]here the jury instructions alone differ from the indictment to charge the same crime, but on an alternative theory, a mere variance occurs and a defendant must demonstrate prejudice."). Because Timms did not challenge the jury instructions below, his claim is reviewed for plain error. *See Johnson v. United States*, 520 U.S. 461, 465-66 (1997).

Here, the opening statements, trial evidence, and closing arguments focused on whether the sharpened items seized from Timms' cell were weapons and/or objects designed and/or intended to be weapons. The Government, in its opening statement, forecast that the evidence would show that Timms "knowingly possessed an item of contraband, specifically here a weapon." (J.A. 146). In his opening statement, Timms essentially admitted that he possessed the contraband items, but that he used them as tools for his craft making and did not design or intend them to be weapons.

4

The witnesses uniformly testified that the sharpened items Timms possessed were weapons. In closing argument, Government counsel recognized the Government's burden to prove that Timms "knowingly possessed an object defined as a weapon, an item designed to be used as a weapon, or intended to be used as a weapon." (J.A. 250). Government counsel then highlighted the evidence demonstrating that these items were, in fact, weapons. Timms' closing argument focused on whether he designed or intended the seized items to be used as a weapon. During the trial and during the final jury charge, the court reminded the jury that Timms was on trial for the offenses alleged in the indictment and nothing else. The court read the indictment as part of its instructions and provided the jury with a copy of the indictment for use during its deliberations.

Assuming without deciding that the jury instruction was erroneous, we conclude that Timms has not established that his substantial rights were impacted by the erroneous jury instruction. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014) (plain error standard of review). Timms asserts that he was prejudiced because "it was reasonable for the jury to infer that a sharpened object could be used to threaten a staff member to allow Mr. Timms to exit the prison in a manner he would not otherwise be able to facilitate on his own." However, should the jury so conclude, the jury necessarily would also have to conclude that the object was a weapon or intended to be used as a weapon. Instead, to show prejudice, Timms would have to show that the jury could have convicted him for possession of an object able to facilitate an escape from prison while, at the same time, finding that the object was not a weapon or intended to be used as one. Inasmuch as

5

Timms has failed to do so, he has not shown a prejudicial variance and is therefore not entitled to relief.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

6